## Commonwealth v. DeGaray

*David C. Patten,* for Commonwealth.
*Joseph R. Polito, Jr.,* for defendant.

RILEY, J., November 19, 1969.—Defendant was charged with violation of The Vehicle Code for exceeding the speed limit. The detection of the violation was by radar. The only defense offered is that, while "Radar enforced" signs exist on the highway in question and within the 10-mile span set by Highway Department regulation, no sign was erected at a location prior to where the State police were located. Defendant takes the position that the statutory requirement of posting the highway was intended to place motorists on guard and hence defendant, not having had such warning, was not protected. The highway was Route 3 from West Chester to Philadelphia with the first sign of "Radar enforced" being approximately four miles from the borough line and about 280 feet beyond where the radar apparatus was in operation on the day in question.

While we do not find this exact issue in recorded decisions of lower or appellate courts, the principle governing interpretation of the statutory requirement

for such signs was thoroughly discussed in Fornwalt Motor Vehicle Op. License Case, 203 Pa. Superior Ct. 411. Judge Woodside, in a unanimous opinion, there pointed out that the requirement of posting a highway was not for the purpose of warning a particular motorist that radar was in operation around the next curve or over the next hill, but rather as a general deterrent to speeding by making him aware of the existence of that method of detection. Were the purpose otherwise, the legislature would have required posting at every entrance to a highway. It was obviously not the legislative intendment that the motorist be warned in advance of his detection by radar devices. Whether defendant entered the highway from the borough line or at an intermediate point does not appear nor should it matter. Certainly a motorist entering one, two or a dozen miles from the borough line would have as much right to notification or warning, if that were the purpose, as one coming from the center of the borough.

The legislature has not required that the beginning of a highway or any or all entrances thereon be posted, but merely that the "highway" where radar might be used be posted. Such fully supports the construction of intent in the Fornwalt opinion and lends reasonableness to the requirement, namely, that the overall effect of posting will tend to, or contribute to, the ultimate effect of reducing speeding habits and not to give warning of impending detection of a specific violation. We do, therefore, dismiss defendant's contention of wrongful detection.

In view of defendant's expressed waiver of his right to be present at sentence in the event of an adverse decision upon the legal question here involved, we do find defendant guilty as charged and do impose a sentence to pay a fine of $10 and costs of prosecution to be paid within 10 days of this date.